# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| **DALE ROBIN MILLER,**<br>    **aka DALE MILLER**<br>    **LA. DOC #479248** | **CIVIL ACTION NO. 6:14-cv-2613** |
| **VS.** | **SECTION P** |
| | **JUDGE RICHARD T. HAIK, SR.** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Dale Robin Miller, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on August 28, 2014.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

While in custody awaiting trial in the Fifteenth Judicial District Court, petitioner filed two civil rights complaints in this Court. His first complaint, *Dale Robin Miller v. Thad Bedeaux, et al.*, Civil Action No. 6:02-cv-0809, named as defendants various law enforcement officials involved in the investigation of the charges that ultimately resulted in his present conviction; it was dismissed as frivolous and for failing to state a claim for which relief might be granted on November 5, 2003.  The second complaint, *Dale Robin Miller v. Lee Gallaspy, et al.*, Civil Action No. 6:03-cv-1944, named as defendants the public defenders assigned to his defense, and the judge and Assistant District Attorneys involved in his prosecution. It was dismissed as

frivolous on January 14, 2004.

While awaiting trial, petitioner also filed two petitions for *habeas corpus* pursuant to 28 U.S.C. §2241.  Both were dismissed without prejudice. *See Dale Robin Miller v. Warden, LPCC*, Civil Action No. 6:03-cv-1037 (dismissed without prejudice for failing to exhaust state court remedies on November 17, 2003; COA denied by the Fifth Circuit on June 22, 2004, Docket No. 03-31124); see also *Dale Robin Miller v. State of Louisiana*, Civil Action No. 6:02-cv-0546 (dismissed without prejudice on July 19, 2002; COA denied by the Fifth Circuit on February 20, 2003, Docket No. 02-30806)

Petitioner was found guilty as charged of second degree murder on February 13, 2004; thereafter, the mandatory sentence of life without parole was imposed.  His conviction and sentence were affirmed in an unpublished opinion of the Third Circuit Court of Appeal. *State of Louisiana v. Dale Miller*, 2004-00858 (La. App. 3 Cir. 12/8/2004), 888 So.2d 1166 (Table). Petitioner did not seek further direct review in the Louisiana Supreme Court.

In January 2005 petitioner filed a *pro se* application for post-conviction relief in the Fifteenth Judicial District Court.  A hearing was convened and at its conclusion relief was denied.  Petitioner's subsequent writ applications were denied first by the Third Circuit Court of Appeal and then by the Louisiana Supreme Court on March 9, 2007. *State of Louisiana ex rel. Dale Miller v. State of Louisiana*, 2006-1509 (La. 3/9/2007), 949 So.2d 437.

On March 18, 2007 petitioner filed a *pro se* petition for writ of *habeas corpus* in this Court arguing four claims for relief – (1) denial of the right to prepare a defense, (2) denial of the right to a speedy trial, (3) ineffective assistance of counsel, (4) infliction of psychological pain. [*Dale Miller v. Warden, Louisiana State Penitentiary*, Civil Action No. 6:07-cv-0798 at Doc. 1.]

On May 30, 2008 United States Magistrate Judge Mildred E. Methvin, applying the AEDPA standards of review codified at 28 U.S.C. §2254(d)(1) and (2), recommended dismissal of the petition on the merits. [*Id.* at Doc. 17] On August 27, 2008 United States District Judge Richard T. Haik, Sr. adopted the report and entered judgment dismissing the petition with prejudice; on September 24, 2008 Judge Haik denied petitioner's motion for Certificate of Appealability (COA). [*Id.*, Docs. 20 and 24] On July 29, 2009 the United States Fifth Circuit Court of Appeals likewise denied COA. *Dale Robin Miller v. Burl Cain*, No. 08-30875.

On January 5, 2010 petitioner filed a motion for authorization to file a successive Section 2254 *habeas corpus* petition; the Fifth Circuit denied authorization based on petitioner's failure to comply with Court Rules. *In re: Dale Robin Miller*, No. 10-30007.

On March 5, 2013 petitioner filed a civil rights action demanding the criminal prosecution of Judge Michot of the Fifteenth Judicial District Court and the Lafayette Parish Clerk of Court.  On May 17, 2013 his pleadings were stricken and the suit dismissed for failing to comply with court rules and court orders. *Dale Miller v. Judge Michot, et al.*, Civil Action No. 6:13-cv-0468. On March 25, 2012 petitioner filed another civil rights complaint in this Court. In this suit he again demanded that criminal charges be filed against the Louisiana District Judge who presided over his case, the two Assistant District Attorneys involved in the prosecution of his case, and two physicians who comprised a court-appointed sanity commission.  On June 10, 2013 this complaint was dismissed for failing to state a claim for which relief may be granted. *Dale Miller v. State of Louisiana, et al.*, Civil Action No. 6:13-cv-0609.

On May 28, 2013 petitioner filed a *pro se* "Motion to Reopen Habeas Corpus" in Civil Action No. 6:07-cv-0798. [Doc. 32] Therein petitioner moved the Court to reopen the *habeas*

case and "combine" his *habeas corpus* action with *Dale Miller v. Judge Michot, et al.*, Civil Action No. 6:13-cv-0468 and *Dale Miller v. State of Louisiana et al.*, Civil Action No. 6:13-cv-0609.  On September 23, 2013 petitioner's motions were denied. [Civil Action No. 6:07-cv-0798 at Doc. 41.]

On March 8, 2013 petitioner filed another *pro se* motion in the United States Fifth Circuit Court of Appeals. This pleading was accompanied by over 350 pages of exhibits. Once again, petitioner demanded the criminal prosecution of various State officials responsible for his conviction. The pleading was ultimately construed as a motion seeking authorization to file a successive *habeas* petition. According to the Fifth Circuit, petitioner raised the following grounds – the state failed to prosecute court officials and attorneys who mishandled his case; the state courts have refused to provide proper rulings on his motions; he was denied the right to represent himself at trial; he received ineffective assistance of counsel and counsel colluded with the prosecutors; the prosecutors withheld exculpatory evidence and presented knowingly perjured testimony; the state courts erroneously found him incompetent; he was denied a speedy trial; he was prevented from proving his allegations of fraud and collusion during state post-conviction proceedings, and the restrictions on successive collateral attacks violate his rights. On February 20, 2014 the Court denied permission to file a successive *habeas* petition. *In re: Dale Robin Miller*, No. 13-30230.

Petitioner filed the instant petition on August 28, 2014. Since he utilized the form provided to prisoners seeking *habeas* relief in this District pursuant to Section 2254, it appeared that he was again challenging his 2004 murder conviction in the Fifteenth Judicial District Court. [Doc. 1, ¶ 1-5] Petitioner also included as exhibits over 400 pages of post-conviction pleadings

filed in the Louisiana Courts and orders denying those pleadings. [Docs. 1-2, 1-3, 1-4, 1-5, 1-6, and 1-7] His pleadings and exhibits are virtually identical to the pleadings and exhibits filed in the Fifth Circuit under the case assigned Docket No. 13-30230.

Once again, petitioner challenged the results of various post-conviction proceedings in both the State and federal Courts alleging the following general claim for relief: "Constitutional challenges to AEDPA and any other statute, law or rule that would keep my claims from being ruled on." In support thereof he presented a rambling argument wherein he implied that the AEDPA and any other statute that keeps the Court from ruling on the facts, law, and evidence of his *habeas corpus* claims violates the First and Fourteenth Amendments, due process, the petitioner's right of access to the Courts, the right to petition for redress of grievances, and the "privileges and immunities extended by the Constitution..." He also implied that he has a Constitutional right under the Equal Protection Clause to file criminal charges; and, that he has a Seventh Amendment right to file a Section 1983 complaint. [Doc. 1, ¶12]

In what must be construed as his memorandum in support of the petition he reiterated those claims and added additional complaints about the AEDPA – such as, it shields officials from civil and criminal liability; it violates equal protection insofar as it keeps his civil rights claims from being ruled on; it condones corruption; it violates his right to equal protection insofar as it disallows his right to pursue criminal charges; it violates his Seventh Amendment right insofar as it prohibits the filing of a civil rights suit until such time as his "claims are ruled on;" and, it violates the First Amendment insofar as it abridges his right to petition the government for grievances.   Petitioner also argued that his Constitutional challenges should be decided and, once decided in his favor, his documentary evidence would establish that –  a full

state court record was unavailable to him because state officials prohibited him from obtaining it and denied him a full and fair hearing; his conviction was obtained in disregard of liberties deemed fundamental by the Fifth and Fourteenth Amendments; the government intentionally violated the law for the purpose of obtaining a conviction; and,  the federal courts should therefore exercise their *habeas corpus* "powers" in cases such has his where "improper conduct was used to obtain a conviction." [Doc. 1-2, pp. 1-4]

Petitioner also provided (1) a "Motion to Subpoena Record/Document" namely, "the motion to withdraw as counsel of record filed on 12-5-03 by atty. Register so I could represent myself..." [*Id*., p. 5]; and,  (2) a "Motion to Subpoena Records" namely "police reports with eyewitnesses statements ... that were made at the crime scene and signed by law enforcement witnesses... and photo packs ... that were shown to eyewitnesses, showing who they picked..." [*Id*., p. 6] Finally, petitioner provided his accusations concerning the "public officials" in the Fifteenth Judicial District Court, namely (1) fraudulent concealment, (2) oppression, (3) fraudulent misrepresentation, (4) manifest intent, (5) fraud, and (6) discrimination. [*Id*., p. 7] He concluded by demanding a *de novo* review of his State court claims based on his assertion that the State courts failed to adjudicate his claims on the merits. [*Id*., p. 8]

### *Law and Analysis*

### *1. Habeas Corpus*

As shown above, petitioner has presented a particularly convoluted pleading which presents a mixture of traditional *habeas corpus* claims and claims that are traditionally not raised in *habeas* proceedings.  For example, petitioner argues that his conviction was obtained in violation of the Fifth and Fourteenth Amendments when the prosecution violated the law for the

purposes of obtaining a conviction. [Doc. 1-2, pp. 1-4] Such claims implicitly attack the Constitutionality of his conviction and sentence and, since petitioner is in custody pursuant to the judgment of a State court, such claims are properly presented in a *habeas* petition filed  pursuant to 28 U.S.C. §2254.  As to those specific claims, the current petition is successive. Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998).  However,"an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

As noted above, petitioner's first petition was served, answered, and then ultimately dismissed on the merits.  *Dale Miller v. Warden, Louisiana State Penitentiary*, Civil Action No. 6:07-cv-0798.  This petition is therefore successive and petitioner has not yet received permission from the Court of Appeals to file it in the District Court.

*In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate.  However, transfer is inappropriate in this instance because petitioner has already been denied authorization to file a successive *habeas* petition on virtually the same pleadings and exhibits. *See In re: Dale Miller*, No. 13-30230.

In any event, Section 2244(b) divests this Court of jurisdiction to consider petitioner's successive *habeas* petition until such time as the Court of Appeals authorizes such a filing and therefore dismissal for lack of jurisdiction is mandated by law.

### 2. Non-habeas Claims

Petitioner raises additional claims which do not specifically attack the Constitutionality of his conviction, and, which would not, if successful, result in his release from custody.  Indeed, the gravamen of this portion of his complaint is that State and federal courts have misapplied the law so as to shield State officials from civil and criminal liability. He implies that he was denied his right to pursue criminal charges against the State officials responsible for his conviction and, is barred from obtaining damages for false arrest and imprisonment because his conviction and sentence have not been overturned.  Such claims do not challenge the fact or duration of his confinement and therefore petitioner cannot utilize *habeas corpus* proceedings to obtain relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed.,2d 439 (1973); *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987).

If "a favorable determination would not automatically entitle [the prisoner] to accelerated release" from custody he may not utilize *habeas corpus* procedures and must instead vindicate his rights through a properly filed civil rights proceeding. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997), quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (*per curiam*), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996).

In other words, petitioner's claims – that he is denied the right to pursue criminal charges and civil damages from those who are responsible for his confinement – even if established, would not result in his release from custody; therefore, they are not properly before the Court in

this *habeas corpus* proceeding.

To advance such claims, petitioner would have to submit them in the context of a civil rights complaint filed pursuant to 42 U.S.C. §1983.  However, as noted above, petitioner, while imprisoned, has had three of his prior civil rights complaints dismissed as frivolous or for failing to state a claim for which relief may be granted. *See* (1) *Dale Robin Miller v. Thad Bedeaux, et al.*, Civil Action No. 6:02-cv-0809; (2) *Dale Robin Miller v. Lee Gallaspy, et al.*, Civil Action No. 6:03-cv-1944; and, (3) *Dale Miller v. State of Louisiana, et al.*, Civil Action No. 6:13-cv-0609.  Petitioner should be aware that 28 U.S.C. §1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Thus, should petitioner chose to re-file his claims as a Section 1983 complaint, he should be prepared to pay the full filing fee since *in forma pauperis* status will undoubtedly be denied.

### 3. Motions

Finally, petitioner submitted two motions seeking to obtain records – a motion to withdraw filed by petitioner's trial counsel, and police reports and witness statements concerning a photo array. These motions seek evidence in support of petitioner's *habeas* claims. As shown above, the Court lacks jurisdiction over those claims since the petition, insofar as it seeks *habeas corpus* relief, is successive. Therefore, these motions must be denied. Petitioner may, of course, reurge these motions at such time as the Fifth Circuit Court of Appeals authorizes him to file a

successive *habeas corpus* petition.

### *Conclusion, Order, and Recommendations*

Petitioner's Motion to Subpoena Record/Document [Doc. 1-2, p. 5] and Motion to Subpoena Record [Doc. 1-2, p. 6] are **DENIED**; and,

**IT IS RECOMMENDED** that the petition for *habeas corpus* be deemed successive and **DISMISSED** for lack of jurisdiction; and,

**IT IS FURTHER RECOMMENDED** that the petition, insofar as it raises claims not cognizable on *habeas corpus*, be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In chambers, Lafayette, Louisiana, October 29, 2014.

**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**

COPY SENT:

DATE:   10/29/2014
BY:              EFA
TO:              RTH
                 pj